E-FILED
Thursday, 09 April, 2026  10:44:40 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RONALD WEEDEN, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 26-1059 |
| | ) | |
| TIMOTHY BOWDEN, *et al.*, | ) | |
|     **Defendants.** | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center ("Menard"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff files suit against Lieutenants Timothy Bowden, Pratt, and McDowell, Warden Nurse, and Dr. Paul.

At approximately 7:20 p.m. on September 18, 2024, Defendant Lieutenant Bowden allegedly stared at Plaintiff's penis while he was taking a shower. Plaintiff told Defendant Bowden he was going to file a PREA complaint against him.

At approximately 7:40 p.m., Defendant Bowden removed Plaintiff from the shower with the gallery correctional officer and escorted Plaintiff to his cell. When they returned to Plaintiff's cell, Defendant Bowden began removing Plaintiff's handcuffs, which had been placed on upside down. Plaintiff alleges he turned because Defendant Bowden bent his wrist to the point it hurt. Defendant Bowden then "snatched" the handcuffs, scrapping skin off Plaintiff's fingers and hand. (Doc. 1 at p. 5). Defendant Bowden handcuffed Plaintiff to the door of the cell, and Plaintiff screamed for a crisis team. Defendant Bowden sprayed Plaintiff in the face twice, presumably with mace, and left him cuffed to the door.

Later, Defendants Lieutenants Pratt and McDowell arrived and put Plaintiff back in his cell. Plaintiff asked Defendants Pratt and McDowell for a shower and for the cell to be cleaned, to no avail.

Plaintiff alleges Defendants Warden Nurse and Dr. Paul retaliated against him by transferring him to Menard.

## ANALYSIS

### I.    Defendant Bowden

To state an excessive force claim, Plaintiff must allege that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate

2

a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017).

Plaintiff alleges Defendant Bowden hurt his wrist, fingers, and hand while removing Plaintiff's handcuffs and sprayed him in the face twice, presumably with mace, while Plaintiff was handcuffed to his cell door on September 18, 2024. Plaintiff's allegations are sufficient to proceed on an Eighth Amendment excessive force claim against Defendant Bowden.

Plaintiff also alleges Defendant Bowden looked at his penis while he was in the shower on September 18, 2024. Plaintiff's sparse allegations regarding this incident are insufficient to proceed on a constitutional claim.

## II.    Defendants Pratt and McDowell

To state an Eighth Amendment conditions of confinement claim, Plaintiff must allege: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities;" and (2) the defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987)). "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773.

3

After Defendant Bowden sprayed him in the face twice with mace on September 18, 2024, Plaintiff asked Defendants Pratt and McDowell for a shower to wash off the mace and to clean his cell, but Defendants Pratt and McDowell allegedly denied his requests and returned him to his cell. Plaintiff's allegations are sufficient to proceed on an Eighth Amendment conditions of confinement claim against Defendants Pratt and McDowell.

### III.    Defendants Nurse and Dr. Paul

In a conclusory fashion, Plaintiff alleges Defendants Warden Nurse and Dr. Paul retaliated against him by transferring him to Menard. (Doc. 1 at p. 6). The remaining allegations against Defendants Nurse and Paul are unclear. *Id.* Plaintiff does not allege why Defendants allegedly retaliated against him, why the transfer to Menard was retaliatory, or how Defendants were personally involved in the transfer. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Therefore, Defendants Nurse and Paul are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**MOTION TO REQUEST COUNSEL**

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

4

Plaintiff states he contacted Uptown People's Law Center, Loevy & Loevy, and Jenner & Block to request representation. (Doc. 5 at p. 1). Uptown People's Law Center and Loevy & Loevy declined to represent Plaintiff. *Id.* at pp. 3-4. Plaintiff does not indicate if Jenner & Block responded to his request. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion to Request Counsel is DENIED, with leave to renew. If Plaintiff renews his Motion, he is directed to attach additional copies of letters he sent to or received from prospective counsel, list the attorneys and law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff may proceed on an Eighth Amendment excessive force claim against Defendant Timothy Bowden and an Eighth Amendment conditions of confinement claim against Defendants Pratt and McDowell. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Defendants Nurse and Paul are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Nurse and Paul.

3)      Plaintiff's Motion to Request Counsel [5] is DENIED.

4)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5)      The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)      Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)      If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for

effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)      Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)      Plaintiff shall be provided a copy of all pertinent medical records upon request.

12)      Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

13)      The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14)    The Clerk is directed to set an internal court deadline 60 days from the entry of this

Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  4/9/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge